IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ISAAC FLORES, et al.,

Plaintiffs,

v.

BRIAN EMIG, et al.,

Defendants.

Civil Action No. 25-100-GBW

MEMORANDUM ORDER

Pending before the Court is Plaintiffs'[1] Motion for Temporary Restraining Order & Preliminary Injunction (D.I. 83), which has been fully briefed (D.I. 84; D.I. 87; D.I. 88). For the reasons below, the Court denies Plaintiffs' Motion.

I.    BACKGROUND

Plaintiffs are six individuals incarcerated at the James T. Vaughn Correctional Center ("Vaughn") in Smyrna, Delaware. D.I. 1 ¶¶ 8-13. Defendants are correctional officers, members of the Delaware Department of Corrections ("DOC") Correctional Emergency Response Team ("CERT"), and the Warden of Vaughn. *Id.* ¶¶ 14, 19, 20, 29. According to the DOC, the purpose of CERT is, *inter alia*, to "provide tactical responses during emergency situations." *Id.* ¶ 16.

Plaintiffs allege that, on September 5, 2024, the CERT team began a shakedown of the Plaintiffs' cells and, in the process, hurled pepper grenades into Plaintiffs' cells, sprayed pepper

---

[1] Plaintiffs are Isaac Flores, Karl Manuel, Tyrone Morris, Darnell Pierce, Brian Snowden, and Jamar Waters (collectively, "Plaintiffs"). Defendants are Brian Emig, Captain Coviello, Corporal Todd Koch, and unidentified John Doe correctional officers (collectively, "Defendants").

spray at Plaintiffs from point-blank range, as well as punched, sodomized, and used physical force against Plaintiffs. *Id.* ¶ 33; D.I. 84 at 6.

Plaintiffs brought this action on January 23, 2025, alleging use of excessive force and failure to supervise in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See generally* D.I. 1. On February 4, 2025, Plaintiffs filed a Motion for Preliminary Injunction & Request for Hearing ("Initial Motion"). On August 22, 2025, the Court denied the Initial Motion. D.I. 58. On August 27, 2025, Plaintiffs appealed this Court's ruling to the United States Court of Appeals for the Third Circuit ("Third Circuit"). D.I. 61. On December 29, 2025, Plaintiffs filed the pending Motion for Temporary Restraining Order & Preliminary Injunction ("Renewed Motion"). D.I. 83. Plaintiffs' appeal in the Third Circuit is pending resolution.

## II.    LEGAL STANDARDS

### A.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). A party may be granted a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). In determining whether to grant or deny a preliminary injunction, courts consider (1) whether the moving party has a reasonable likelihood of success on the merits, (2) whether the moving party would suffer irreparable harm without injunctive relief, (3) whether denying the injunction will injure the moving party more than issuing an injunction will injure the non-moving party, and (4) whether the injunction serves the public interest. *Holland v. Rosen*, 895 F.3d 272, 285-86 (3d Cir. 2018).

"The first two factors are prerequisites for a movant to prevail." *Id.* at 287. The former requires the movant to "demonstrate that [he] can win on the merits (which requires a showing

significantly better than negligible but not necessarily more likely than not)." *Id.* (alteration in original) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The latter requires a movant to demonstrate irreparable harm, which is harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The harm must be immediate and not speculative. *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000).

> **B.    Article III Standing**

Under Article III of the United States Constitution, the "judicial Power shall extend" to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[A] case or controversy can exist only if a plaintiff has standing to sue." *United States v. Texas*, 599 U.S. 670, 675 (2023). To establish Article III standing, a plaintiff bears the burden of demonstrating that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Moreover, to satisfy the injury-in-fact requirement, the injury must be "(a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). If a plaintiff lacks standing, the Court lacks "subject matter jurisdiction to address a plaintiff's claims, and [the claims] must be dismissed." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

## III.    DISCUSSION

The Court lacks jurisdiction over the threshold issue of Article III standing because analysis of that issue hinges on the resolution of Plaintiffs' appeal to the Third Circuit. On appeal is whether Plaintiffs "properly allege[d] that they are likely to suffer a future injury, sufficient to confer

standing to seek injunctive relief." Brief of Appellants at 1, *Flores et al. v. Emig et al.*, No. 25-2665 (3d Cir. Dec. 1, 2025). In their appeal, Plaintiffs challenge this Court's reliance on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), in holding that Plaintiffs lacked standing for a preliminary injunction. *See* Brief of Appellants at 22-31, *Flores*, No. 25-2665; *see generally* D.I. 57. Specifically, Plaintiffs' appeal claims that the Court erred in its analysis because incarcerated individuals are entitled to a "less stringent" *Lyons* test regarding the likelihood of future harm sufficient to confer standing. Brief of Appellants at 22, *Flores*, No. 25-2665.

"The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Plaintiffs contend that they have not divested this Court of jurisdiction over standing because the issue on appeal is "not the same issue[] presented by Plaintiffs' [R]enewed Motion." D.I. 88 at 5 (emphasis omitted). The Court disagrees for two reasons. *First*, Plaintiffs explicitly raise the exact issue on appeal in their Opening Brief for the Renewed Motion. *See* D.I. 84 at 10-11 (citing cases for the proposition that "standing under the Supreme Court's *Lyons* case and its progeny is fundamentally different when the plaintiffs are incarcerated individuals"). By distinguishing the facts in *Lyons* from cases involving incarcerated individuals, Plaintiffs' Renewed Motion has brought into question how this Court should analyze standing under *Lyons* in the incarceration context. That is precisely the issue before the Third Circuit.

*Second*, the conflict between Plaintiffs' Renewed Motion and their appeal is inherent because the Renewed Motion arises from the exact underlying factual circumstances that gave rise to the appeal. Namely, both the Renewed Motion and appeal involve identical incarcerated individuals and the exact same CERT operation occurring on September 5, 2024. *See* Brief of

4

Appellants at 5, *Flores*, No. 25-2665; D.I. 4 at 8-25.  Plaintiffs contend that the issues are different because the question on appeal is "[w]hether Plaintiffs had standing to seek injunctive relief based on the facts available at the time of the February 2025 motion and case law specific to the standing of incarcerated individuals."  D.I. 88 at 4.  In contrast, Plaintiffs claim the Renewed Motion "simply requires this Court to consider whether fact developments since February 2025 change its consideration about whether Plaintiffs may obtain injunctive relief." *Id.* at 5.  This characterization implies that, because Plaintiffs have obtained new factual evidence since their Initial Motion (i.e., deposition testimony), the present underlying legal issue differs from the issue on appeal.

The Court disagrees.  Although additional deposition testimony could indeed impact the Court's analysis of Plaintiffs' standing as applied to the new facts, the Court only reaches that stage after deciding *how* to analyze standing under *Lyons* in the incarceration context.  The Court cannot decide how to analyze standing at this time because Plaintiffs' notice of appeal divested this Court of jurisdiction on that issue. *See Griggs*, 459 U.S. at 58.  Deciding otherwise would effectively reargue the issue on appeal before this Court, which the Court cannot allow. *See Int'l Bus. Machines Corp. v. Johnson*, 355 F. App'x 454, 455 (2d Cir. 2009) (finding that "the district court was correct in not allowing a second preliminary injunction motion that would have reargued" issues pending resolution on appeal).  Moreover, since standing is a threshold issue, *see Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 573-74 (3d Cir. 2020), the Court cannot proceed to the merits of the Renewed Motion at this time.

## IV.     CONCLUSION

For the above reasons, the Court denies Plaintiffs' Renewed Motion.

*     *     *

**WHEREFORE**, at Wilmington this 6th day of May 2026, **IT IS HEREBY ORDERED** that:

5

1.  Plaintiffs' Motion for Temporary Restraining Order & Preliminary Injunction (D.I. 83) is **DENIED**; and

2.  Plaintiffs may file a new motion for a temporary restraining order or preliminary injunction only after resolution of the appeal in *Flores et al. v. Emig et al.*, No. 25-2665 (3d Cir.).

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE